IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DEWON CLARNIEL JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:23-cv-533-RAH-CWB |
| | ) |
| YESCARE CORP., et al., | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate confined at the ADOC Work Release in Alexander City, Alabama, initiated this action pursuant to 42 U.S.C. § 1983 (Doc. 1) and simultaneously sought leave to proceed *in forma pauperis* (Doc. 2). However, Plaintiff failed to submit any information regarding his inmate account. By Order entered September 18, 2023 (Doc. 4), the court thus directed Plaintiff to "submit an inmate account statement reflecting the average monthly balance in his account and the average monthly deposits to his account for the six-month period immediately preceding the filing of the Complaint." Plaintiff further was cautioned that "his failure to comply with this Order will result in a recommendation that the case be dismissed." (*Id.*).

Although Plaintiff did thereafter submit certain financial information (Doc. 5), the submission did not meet the requirements set out in the September 18, 2023 Order. The court in turn again directed Plaintiff to "submit an inmate account statement reflecting the **average monthly balance in his inmate account** and **the average monthly deposits to his inmate account for the 6-month period immediately preceding the filing of the Complaint**." (Doc. 6) (emphasis in original). And again, Plaintiff was "**cautioned that a failure to comply with this Order will result in a recommendation of dismissal**." (*Id.*) (emphasis in original).

1

Despite such instruction and admonition, and despite a deadline of October 16, 2023, Plaintiff still has not provided the court with a proper inmate account statement or, alternatively, paid the required fees. The court views Plaintiff's failure as demonstrating a lack of interest in the continued prosecution of this action, which cannot proceed absent Plaintiff's participation. Under the circumstances presented where Plaintiff has shown willful contempt for the court's directives, the undersigned finds that any lesser sanctions than dismissal would not be appropriate. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey a court order generally is not an abuse of discretion where a litigant has been forewarned); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket. ... The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."). Accordingly, the Magistrate Judge hereby **RECOMMENDS** that this action be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by **November 15, 2023**. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on

factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 1st day of November 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**